**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

CHRISTOPHER DEVOTO,      )
                             )
       Plaintiff,       )
                             )
    v.               )       No. 2:13CV00019 ERW
                             )
DEAN MINOR, et al.,      )
                             )
       Defendants.     )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Christopher Devoto (registration no. 507022), an inmate at Moberly Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $37.82. See 28 U.S.C. § 1915(b)(1). Additionally, the Court finds that the complaint fails to survive review under 28 U.S.C. § 1915(e), but the Court will give plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $189.08, and an average monthly balance of $39.75.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $37.82, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged indifference to serious medical needs.  Named as defendants are Dean Minor (Warden, Moberly Correctional Center), the Missouri Department of Corrections, and Corizon, Inc.

Plaintiff alleges that he has Hepatitis C, and he believes he is in need of Interferon treatments for his liver.  Plaintiff asserts that defendant Minor will not authorize Interferon treatments, thus denying him needed treatment.  Plaintiff also claims that the Missouri Department of Corrections will not allow Corizon to authorize the proper treatments for him.  And plaintiff claims that Corizon maintains a contract with the Department of Corrections that does not allow it to provide adequate life saving treatment to prisoners.  Corizon allegedly accepts the position of the Department

that the treatment is too costly because plaintiff's liver is in the first stages of Hepatitis

and is no so deteriorated as to justify treatment, a position plaintiff rejects.

**Discussion**

The complaint is silent as to whether defendant Minor is being sued in his official

or individual capacity.  Where a "complaint is silent about the capacity in which

[plaintiff] is suing defendant, [a district court must] interpret the complaint as including

only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615,

619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a

government official in his or her official capacity is the equivalent of naming the

government entity that employs the official, in this case the State of Missouri.  Will v.

Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  "[N]either a State nor its

officials acting in their official capacity are 'persons' under § 1983."  Id.  As a result,

the complaint fails to state a claim upon which relief can be granted as to defendant

Minor.

The complaint fails to state a claim against the Missouri Department of

Corrections (MDOC).  E.g., Barket, Levy & Fine, Inc.  v.  St.  Louis Thermal Energy

Corp., 948 F.2d 1084, 1086 (8th Cir.  1991) (agency exercising state power is not

"person" subject to § 1983 suit).

To state a claim against Corizon, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff's allegation that Corizon's contract with the Department of Corrections prevented it from fulfilling its obligation to provide life saving services is not the same as alleging an actionable policy such that liability is imparted under § 1983. As a result, the complaint fails to state a claim against Corizon.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $37.82 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint no later than thirty days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to submit an amended complaint within thirty (30) days, this action will be dismissed without further proceedings.

So Ordered this 20th day of March, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE