UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER DEVOTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13CV00019 ERW |
| ) | |
| CORIZON, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Defendant Corizon, Inc.'s ("Corizon") Motion to Dismiss For Want of Prosecution [ECF No. 23].

**I.   BACKGROUND**

On March 6, 2013, Plaintiff Christopher Devoto ("Plaintiff") filed a Complaint, bringing this action under 42 U.S.C. § 1983, for alleged indifference to serious medical needs, against Dean Minor ("Minor"), Warden of the Moberly Correctional Center; the Missouri Department of Corrections ("D.O.C."); and Corizon, the medical provider for the D.O.C. [ECF No. 1]. On that same date, Plaintiff filed a motion for leave to commence his action without payment of the required filing fee [ECF No. 2]. In an Order dated March 20, 2013, the Court found Plaintiff did not have sufficient funds to pay the entire fee, and assessed only a partial initial filing fee [ECF No. 4]. In that Order, the Court additionally found Plaintiff's Complaint failed to survive review under 28 U.S.C. § 1915(e), because the Complaint failed to state a claim against the named defendants, in that: 1) the Complaint was silent as to whether Minor was being sued in his official or individual capacity; 2) the D.O.C., as the agency exercising state power, was not a "person" subject to a § 1983 action; and 3) alleging Corizon's contract with the D.O.C. prevented

Corizon from fulfilling its obligation to provide lifesaving services was not the equivalent of alleging an actionable policy to establish liability under § 1983. However, the Court also gave Plaintiff the opportunity to file an amended complaint, warning that failure to do so within thirty (30) days from the date of the Order would result in dismissal of the action without further proceedings.

Plaintiff filed his Amended Complaint on April 18, 2013, naming only Corizon and the D.O.C. as defendants [ECF No. 5]. Upon review under 28 U.S.C. § 1915(e), the Court found the Amended Complaint again failed to state a claim against the D.O.C., for the reason previously stated in its March 20, 2013 Order, and the Court dismissed, without prejudice, Plaintiff's Amended Complaint as to the D.O.C., on April 25, 2013 [ECF Nos. 6, 7]. The Court allowed the action to proceed against Corizon, directing the Clerk to serve process on Corizon. Thereafter, Corizon timely filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint [ECF No. 12].

The Court issued a Case Management Order ("CMO") on June 4, 2013 [ECF No. 14]. Among other things, the CMO directed the parties to complete discovery by October 18, 2013. Corizon filed a "Motion for Two-Week Extension of Discovery Deadline" on October 17, alleging it served interrogatories and requests for production upon Plaintiff on August 22, 2013, but Plaintiff had not responded to its discovery requests as of the date of the motion [ECF No. 16]. Corizon claimed the extension was needed to allow it additional time to attempt to obtain Plaintiff's voluntary compliance with written discovery requests, or if needed, to file a motion to compel Plaintiff's compliance. The Court issued an Order on October 17, granting the motion to extend, ordering discovery to be completed no later than November 1, 2013, and instructing the parties that all other deadlines set forth in the CMO remained in effect [ECF No. 17].

On October 31, 2013, Corizon filed a "Motion to Compel Plaintiff's Discovery Responses and to Extend the Dispositive Motion Deadline" ("Motion to Compel") [ECF No. 18]. In the Motion to Compel, Corizon alleged it had sent a letter to Plaintiff on October 17, 2013, attempting to obtain Plaintiff's voluntary compliance in responding to its August 22 discovery requests, but Plaintiff had failed to respond. Corizon included with its motion copies of the document requests and the October 17 correspondence [ECF No. 18-3]. Corizon claimed the information sought in its written discovery requests was relevant to Plaintiff's claims and might be relied upon by Corizon in preparing its motion for summary judgment in the matter. Corizon requested an Order compelling discovery responses by a date certain, and further asked the Court to extend the dispositive motion deadline from November 15 to November 27, 2013, to allow it time to review Plaintiff's written discovery responses. Corizon asserted its motion was made in good faith and not for the purpose of undue delay, and contended Plaintiff would not be prejudiced by the requested extension, as the trial had not been set.

The Court granted Corizon's Motion to Compel on November 4, 2013, ordering Plaintiff to respond to all discovery requests, including interrogatories and requests for production, no later than December 6, 2013 [ECF No. 19]. The Court further ordered any motion for summary judgment to be filed no later than January 10, 2014, with opposition briefs due twenty-one (21) days thereafter, and reply briefs due seven (7) days after filing of the opposition briefs.

Plaintiff filed a Motion to Appoint Counsel on November 12, 2013, asserting, among other things: he was a lay person with no legal expertise and no knowledge of how to proceed; he had mental health issues relating to his medical condition, Hepatitis C; and he could not understand the language or intent of the interrogatories [ECF No. 20]. Corizon filed its Response in Opposition to Plaintiff's Motion for Appointment of Counsel on November 22, 2013, claiming

Plaintiff had not demonstrated the necessary factors for appointment of counsel [ECF No. 21]. On November 25, the Court denied Plaintiff's Motion to Appoint Counsel, with leave to refile at a later date [ECF No. 22].

Corizon subsequently filed the present Motion to Dismiss for Want of Prosecution, on December 23, 2013 [ECF No.23]. In its Motion, Corizon contends the Court should dismiss Plaintiff's Complaint with prejudice, claiming Plaintiff has shown a pattern of delay and non-response in prosecuting his case by: 1) failing to comply with the requirements of Federal Rules of Civil Procedure 33 and 34 when he initially did not respond to Corizon's discovery requests; 2) failing to respond upon receipt of the October 17, 2013 good faith letter; 3) forcing Corizon to file a Motion to Compel by his failures to respond; and 4) failing to respond to Corizon's discovery requests as ordered by the Court in its November 4, 2013 Order.

On January 2, 2014, the Court ordered Plaintiff to file a Response to the pending Motion to Dismiss no later than January 10, 2014 [ECF No. 24]. After a search by the Clerk of Court revealed Plaintiff was no longer incarcerated at the Moberly Correctional Center, the January 2 Order was sent to Plaintiff's new address at the Southeast Correctional Center on January 3, 2014. That same date, the Court, on its own motion, entered an Order directing any motion for summary judgment to be filed no later than February 14, 2014 [ECF No. 25].

Upon review of the record on January 14, 2014, the Court found Plaintiff failed to file a Response to the pending Motion to Dismiss, and ordered Plaintiff to show cause, no later than January 24, 2014, why Corizon's Motion to Dismiss should not be granted [ECF No. 16]. Nevertheless, Plaintiff has not filed a Response to the Motion to Dismiss, and has failed to respond to the Court's Order to Show Cause.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss a case for failure to prosecute a claim or to comply with a court order. Fed. R. Civ. P. 41(b). Unless stated otherwise, such a dismissal operates as an adjudication on the merits. *Id.* Because dismissal with prejudice is an extreme sanction, it should be employed only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint. *Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998). However, the court need not find that the party acted in bad faith, only that he or she acted intentionally as opposed to accidentally or involuntarily. *Id.* When exercising its discretionary power to dismiss, the court considers "whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his day in court." *Id.*

The Court is mindful of the liberal pleading practices to be observed for pro se litigants. However, Plaintiff has committed a series of intentional acts that have made it impossible for Corizon to prepare a defense and have delayed the progress of the litigation, and he has failed to comply with the Court's procedures and orders on several occasions. Plaintiff failed to respond to Corizon's written discovery requests, and its good faith attempt to obtain his compliance. Corizon filed a Motion to Dismiss, which Plaintiff ignored. Plaintiff also failed to comply with Court Orders directing him to respond to discovery requests. Although the Court ordered Plaintiff to show cause, no later than January 24, 2014, why the Corizon's Motion to Dismiss should not be granted, Plaintiff again has failed to respond. Therefore, the Court will dismiss Plaintiff's Complaint with prejudice, for failure to prosecute his claim and to comply with the Court's Orders.

### III. CONCLUSION

Plaintiff failed to respond to Corizon's written discovery requests as ordered, and failed to respond to Corizon's Motion to Dismiss. On January 2, 2014, the Court ordered Plaintiff to file a Response to the Motion to Dismiss, no later than January 10, 2104. Plaintiff again failed to respond. When the Court ordered Plaintiff to show cause, no later than January 24, 2014, why the Motion to Dismiss should not be granted, Plaintiff still failed to respond. Plaintiff has committed a series of intentional acts that have delayed the progress of the litigation, and resulted in a failure to comply with the Court's procedures and orders on several occasions. Therefore, the Court shall dismiss Plaintiff's Complaint with prejudice, for failure to prosecute his claim and to comply with the Court's Orders.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Corizon, Inc.'s Motion to Dismiss For Want of Prosecution [ECF No. 23] is hereby **GRANTED.** Plaintiff's Amended Complaint [ECF No. 5] is **DISMISSED with prejudice.**

Dated this   27th   day of January, 2014.

                                          E. RICHARD WEBBER
                                          SENIOR UNITED STATES DISTRICT JUDGE